PSS:SDD/WDS
F.#2012R02099

FILED
CLERK
2012 APR -6 PM 2:58

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

VOLODOMYR PONOMARENKO,

        Defendant.

- - - - - - - - - - - - - - - - - -X

I N D I C T M E N T

CR 12 - 254
Cr No.
(T. 18, U.S.C., §§ 371,
981(a)(1)(C), 2 and 3551
et seq.); T. 21, U.S.C.,
§ 853(p); T. 22, U.S.C.,
§§ 401(a), 2778(b)(2)
and 2778(c); T. 22,
C.F.R., Parts 121 and
127; T. 28, U.S.C., §
2461(c))

BLOCK, J.

THE GRAND JURY CHARGES:

    At all times relevant to this Indictment, unless otherwise indicated:

## THE ARMS EXPORT CONTROL ACT

    1.    The export of defense related articles was regulated by the Arms Export Control Act, Title 22, United States Code, Section 2778 ("AECA"). Section 2778(a) authorized the President of the United States to control the import and export of defense articles and to establish a United States Munitions List ("USML"), which identified and defined the defense articles subject to these controls. Section 2778(b) provided that any person engaged in the business of manufacturing or exporting any defense articles shall register with the government. Section 2778(c) established criminal penalties for any violation of Section 2778 or any rule or regulation thereunder.

2. The United States Department of State ("the State Department") implemented these statutory provisions by adopting the International Traffic in Arms Regulations ("ITAR"), Title 22, Code of Federal Regulations, Part 120 et seq. These regulations established the USML and required an export license for the export of any items on the list.

3. The USML lists "image intensification and other night sighting equipment or systems specifically designed, modified or configured for military use." The Night Optics TS-640-3X and Night Optics D-740-3AGM were night sighting equipment that were specifically designed for military use.

4. On March 30, 2012, the State Department certified that the Night Optics TS-640-3X and Night Optics D-740-3AGM were defense articles, as described in Category XII(c) of the USML, 22 C.F.R. Part 121, at the time of the conduct charged in this indictment. Accordingly, each shipment of these items out of the United States required the issuance of a separate license by the State Department prior to export or re-export.

COUNT ONE
(Conspiracy to Violate the AECA)

5. The allegations contained in paragraphs One through Four are realleged and incorporated by reference as if fully set forth in this paragraph.

6. In or about and between September 2011 and December 2011, both dates being approximate and inclusive, within

2

the Eastern District of New York and elsewhere, the defendant VOLODYMYR PONOMARENKO, together with others, did knowingly and willfully conspire to export from the United States to locations outside thereof defense articles which were listed on the USML, to wit: one Night Optics TS-640-3X and one Night Optics D-740-3AGM, without first obtaining the required license or written approval from the State Department, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c) and Title 22, Code of Federal Regulations, Part 121.

7. It was part of the conspiracy that the defendant VOLODYMYR PONOMARENKO, together with others, arranged for the export of defense articles listed under Category XII(c) on the USML, including the Night Optics TS-640-3X and Night Optics D-740-3AGM, from the United States to Ukraine without first obtaining an export license from the State Department.

8. It was further part of the conspiracy that the defendant VOLODYMYR PONOMARENKO, together with others, caused a company, located in Elizabeth, New Jersey, to describe inaccurately the Night Optics TS-640-3X and Night Optics D-740-3AGM as "hunting goods," "outdoor goods" and "items for hunting" on the shipping export documents.

9. It was further part of the conspiracy that the defendant VOLODYMYR PONOMARENKO, together with others, caused a company, located in Elizabeth, New Jersey, to indicate falsely on

the shipping export documents that the Night Optics TS-640-3X and Night Optics D-740-3AGM did not require a license to be exported from the United States.

10. In furtherance of the conspiracy and to effect its unlawful objects, the defendant VOLODYMYR PONOMARENKO, together with others, committed and caused to be committed, within the Eastern District of New York and elsewhere, the following overt acts:

### Overt Acts

a. In or about and between September 2011 and October 2011, PONOMARENKO, together with others, caused a company, located in Pennsylvania, to send the Night Optics TS-640-3X to an address in Elizabeth, New Jersey.

b. In or about December 2011, PONOMARENKO, together with others, caused a company, located in Brooklyn, New York, to send the Night Optics D-740-3AGM to an address in Elizabeth, New Jersey.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### COUNT TWO
(AECA Violation)

11. The allegations contained in paragraphs One through Four are realleged and incorporated by reference as if fully set forth in this paragraph.

4

12. In or about and between September 2011 and December 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VOLODYMYR PONOMARENKO, together with others, did knowingly and willfully attempt to export from the United States to Ukraine night sighting equipment designed as defense articles on the USML, to wit: one Night Optics TS-640-3X and one Night Optics D-740-3AGM, without first obtaining the required license or written approval from the State Department.

(Title 22, United States Code, Sections 2778(b)(2) and 2778(c); Title 22, Code of Federal Regulations, Parts 121 and 127; Title 18, United States Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

13. The United States hereby gives notice to the defendant charged in Counts One and Two that, upon his conviction of any such offense, the government will seek forfeiture in accordance with (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense, or conspiracy to commit such offense, to forfeit any and all property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offense, and (b) Title 22, United States Code, Section 401 and Title 28, United States Code, Section 2461(c), which require the forfeiture of arms and

5

munitions of war and other articles exported or shipped in violation of law, and any vessel, vehicle, or aircraft containing the same or which has been or is being used in exporting or attempting to export such arms and munitions of war or other articles in violation of law.

    14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18 United States Code, Section 981(a)(1)(C); Title 22, United States Code, Section 401(a); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

7

F. #2012R02099
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

*VOLODYMYR PONOMARENKO,*

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 371, 981(a)(1)(C), 2 and 3551 et seq.); T. 21, U.S.C.,
§ 853(p); T. 22, U.S.C., §§ 401(a), 2778(b)(2) and 2778(c);
T. 22, C.F.R., Parts 121 and 127; T. 28, U.S.C., § 2461(c))

*A true bill.*

_____

*Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____

*Clerk*

*Bail, $* _____

*David Sarratt, Assistant U.S. Attorney (718-254-6418)*